IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ARTHUR MASON,

    Plaintiff,

v.     Civil Action No. PX-17-3129

UNIFIRST CORPORATION

    Defendant.

**MEMORANDUM OPINION AND ORDER**

On October 25, 2017, Plaintiff Arthur Mason filed a Complaint against Defendant Unifirst Corporation ("Unifirst"), alleging that Unifirst discriminated against him based on his race, age, and disability in violation of Title VII of the Civil Rights Act of 1967 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Americans with Disabilities Act of 1990 ("ADA"). Unifirst moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of standing, judicial estoppel, and untimeliness. ECF No. 7. The issues are fully briefed, and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the reasons stated below, Unifirst's motion is DENIED. Mason's claims, however, are for the trustee in bankruptcy to pursue. Accordingly, Plaintiff will be given a reasonable time to seek to reopen his bankruptcy case and amend his bankruptcy petition so to allow the trustee to intervene, ratify, or abandon the claims.

**I.     Background**

Unifirst hired Mason as a Flat Goods Finisher in 2008. *See* ECF No. 1 ¶ 6. On March 10, 2013, Unifirst reassigned Mason to the more physically strenuous Mat Roller position, which

eventually exacerbated his chronic Bi-Lateral Osteoarthritis and caused him severe pain. ECF No. 1 ¶¶ 9, 10. Mason alleges that Unifirst did not reassign younger and non-African American employees to Mat Roller positions. ECF No. 1 ¶ 9. Mason also alleges that he reported his pain to his supervisor and requested a transfer back to the Flat Goods Finisher position, but Unifirst denied his request and thereafter negatively reviewed Mason's work performance. ECF No. 1 ¶¶ 11, 12.

Mason eventually took medical leave beginning July 31, 2013. ECF No. 1 ¶ 13. Unifist subsequently terminated Mason's employment on October 24, 2013, the day after he exhausted his medical leave. ECF No. 1 ¶ 15. Mason filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") in November 2013. ECF No. 1 ¶ 16.

On November 16, 2016, while the EEOC charge was pending, Mason filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Maryland. ECF No. 7-3 at 1. Mason did not disclose his discrimination claims to the bankruptcy court, nor did he list any legal claims against Unifirst among his schedule of assets. On February 14, 2017, the Bankruptcy Court discharged Mason from bankruptcy. ECF No. 7-4 at 1.

On March 9, 2017, the EEOC issued a determination that Mason had presented probable cause that Unifirst violated the ADA. The EEOC also issued a right-to-sue letter on July 27, 2017. ECF No. 1 ¶¶ 17, 18. Mason then filed suit in this Court alleging employment discrimination based on his race, age, and disability. *See generally* ECF No. 1. On November 16, 2017, Unifirst moved to dismiss the Complaint for lack of standing, judicial estoppel, and untimeliness, arguing that Mason's failure to disclose his claim to the bankruptcy court precludes him from bringing this action. ECF No. 7-1 at 1. Because the Court finds that Mason's claims

properly belong to his bankruptcy estate, the Court will afford Mason an opportunity to cure the standing issue by reopening the bankruptcy case to include the claims asserted in this case.

## II. Motion to Dismiss

### A. Standing

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. Unifirst argues that because the filing of the EEOC charge occurred before Mason filed bankruptcy, the claim properly belongs to the bankruptcy estate and only the bankruptcy trustee has standing to bring this action. ECF No. 7-1 at 4–5. The Court agrees.

An estate is created when a bankruptcy petition is filed, and a "debtor surrenders the right to control the estate, including existing or potential legal claims, to the bankruptcy trustee." *Robertson v. Flowers Baking Co. of Lynchburg, LLC*, No. 6:11-CV-00013, 2012 WL 830097, at *4 (W.D. Va. Mar. 6, 2012), *aff'd*, 474 F. App'x 242 (4th Cir. 2012). "Therefore, if a cause of action accrued before the debtor filed for bankruptcy, 'the trustee alone has standing to bring that claim.'" *Nicholas v. Green Tree Servicing, LLC*, 173 F. Supp. 3d 250, 255 (D. Md. 2016) (quoting *Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441 (4th Cir. 1999)). An EEOC charge qualifies as an asset that a debtor must disclose to the bankruptcy court. *Robertson*, 2012 WL 830097, at *3. Conversely, a debtor lacks standing to bring a claim that was not disclosed on the debtor's schedule, "even if the debtor was not aware of a legal basis for bringing that claim at the time the bankruptcy petition was filed." *Nicholas,* 173 F. Supp. 3d at 255. A debtor can regain standing to bring pre-petition claims if the trustee abandons the claim.[1] *Id.*

---

[1] 11 U.S.C. § 554 allows for the trustee to abandon the claim under enumerated circumstances if the scheduled property has not been administered when the bankruptcy case closes.

3

Rule 17 of the Federal Rules of Civil Procedure prevents a court from dismissing an action for failure to prosecute in the name of the real party in interest until the real party in interest has been given reasonable opportunity to ratify, join, or be substituted into the action. Fed. R. Civ. P. 17. Thus, before this Court may dismiss claims belonging to the bankruptcy estate, "a court must first consider whether there has been reasonable time for the trustee to ratify, join, or be substituted into the action, and whether the plaintiff's decision to pursue the action directly was the result of an understandable mistake." *Nicholas*, 173 F. Supp. 3d at 257. Moreover, permitting the trustee to intervene is "a far less drastic alternative" than dismissal. *Jones v. Safeway, Inc.*, No. ELH-12-03547, 2014 WL 6871586, at *6 (D. Md. Dec. 3, 2014).

Mason's cause of action against Unifirst accrued before he filed for bankruptcy. Mason did not properly schedule his claims against Unifirst, and therefore the claims were not abandoned when the bankruptcy case closed. Consequently, this claim is part of the bankruptcy estate, and the trustee alone has standing to pursue the case. As Mason requests, the Court will afford Mason a reasonable time to reopen the bankruptcy case to amend the bankruptcy schedule, and give the trustee the opportunity to intervene, ratify, or abandon the claim. As Mason points out, it would "benefit the creditors to allow Plaintiff Mason to cure the standing defect instead of dismissing the case." ECF No. 12.

Mason will be granted 30 days to cure the standing issue by reopening the bankruptcy case, thus allowing the bankruptcy trustee to take appropriate next steps. *See Jones*, 2014 WL 6871586, at *7. If Mason fails to cure his lack of standing, Unifirst may renew its motion to dismiss.[2]

---

[2] Because the Court will grant Mason this opportunity to cure, it is unnecessary to address Unifirst's argument that the case be dismissed on judicial estoppel grounds, which hinges on Mason's failure to disclose the EEOC charge during bankruptcy.

### B. Timeliness

Unifirst alternatively argues that Mason's Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because his allegations are untimely. When reviewing a Rule 12(b)(6) motion to dismiss, a plaintiff's well-pleaded factual allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff to determine whether the plaintiff's allegations plausibly give rise to a claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Court does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Prior to filing suit for violations of Title VII, the ADEA, or the ADA, a plaintiff must exhaust his administrative remedies by filing the claims with the EEOC. *See Khoury v. Meserve*, 85 F. App'x 960, 960 (4th Cir. 2004); *Jones v. Calvert Grp., Ltd.,* 551 F.3d 297, 300 (4th Cir. 2009); *Lane v. Prince George's Cty. Pub. Sch.*, No. 11-cv-2088-RWT, 2013 WL 4541642, at *3 (D. Md. Aug. 26, 2013). The EEOC charge must be in writing, under oath or affirmation, and filed within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(b).

Unifirst argues that Mason failed to file his Complaint in a timely manner because he did not perfect his EEOC charge until May 20, 2014. ECF No. 7-1 at 9. As relief, Unifirst asks the Court not to consider any allegations relating to conduct that occurred before July 24, 2013, or the period falling outside the 300 day-window. ECF No. 7-1 at 9. Mason argues that his Complaint is timely because his intake questionnaire, which was supplied to the EEOC no later than November 2013,[3] followed by a separate letter in November 2013, constitutes sufficient

---

[3] Mason alleges that he filed his complaint with the EEOC in November 2013. *See* ECF No. 12 at 7. The intake questionnaire is undated, but attaches a letter dated September 18, 2013. ECF No. 12-1 at 2, 4, 8. It is not clear whether the intake questionnaire was filed in September or in November of 2013. Regardless, it is clear that

5

notice of his claims allowing his complaint to relate back to that date. ECF No. 12 at 7–8. Mason is correct.

An intake questionnaire can satisfy the charge requirements where "the EEOC receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." *Stennis v. Bowie State Univ.*, 236 F. Supp. 3d 903, 908 (D. Md. 2017), *aff'd in relevant part*, 716 F. App'x 164 (4th Cir. 2017) (quoting *Scott v. Md. Dep't of Pub. Safety Servs.*, Civ No. CCB-14-3695, 2015 WL 5836917, at *4 (D. Md. Oct. 2, 2015)); *see also Supinger v. Virginia*, 259 F. Supp. 3d 419, 432 (W.D. Va. 2017). Mason's questionnaire and attached letter identify Unifirst and describe generally the alleged discriminatory action and preserves his claims based on disability, race and age.

Nonetheless, Unifirst contends that this initial questionnaire is insufficient because it is unverified. However, "the verification of a later-filed formal charge of discrimination can relate back to cure the deficiency" of an unverified initial intake questionnaire. *Scott*, 2015 WL 5836917, at *5 (quoting *Merchant v. Prince George's Cty.*, 948 F. Supp. 2d 515, 522 (D. Md. 2013)). This is what occurred here. Unifirst's argument, therefore, fails. The Motion to Dismiss under Rule 12(b)(6) is denied.

### III. Conclusion and Order

For the reasons stated in the foregoing Memorandum Opinion, it is this 12th day of June, 2018, by the United States District Court for the District of Maryland, ORDERED that:

1. The Motion to Dismiss filed by Defendant UNIFIRST CORPORATION (ECF No. 7) BE, and the same hereby IS, DENIED, without prejudice to Unifirst's right to renew its Motion to Dismiss if Plaintiff does not cure the standing issue in a timely manner;

---

Unifirst received notice of Mason's charge on November 26, 2013. *See* ECF No. 12 at 7–8; ECF No. 7-1 at 9 n.5. Even assuming that Mason's charge relates back to a November 2013 date, the allegations in this case are timely.

2. Mason is afforded 30 days to reopen his bankruptcy proceeding to include the claims asserted in this case;

3. If Mason does not reopen his bankruptcy proceeding within 30 days, Unifirst may renew its Motion to Dismiss;

4. The Clerk shall transmit copies of this Memorandum Opinion and Order to counsel for the parties.

| | |
|---|---|
| _6/12/2018_ | /s/ |
| Date | Paula Xinis |
| | United States District Judge |